1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BILLY HENDERSON,

11                Plaintiff,                    No. CIV S-07-0174 FCD EFB P

12          vs.

13   SAN JOAQUIN COUNTY
     SHERIFF'S DEPARTMENT, et al.,
14
                 Defendants.                   ORDER
15   _____/

16          Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  *See* 42

17   U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  This proceeding was referred to

18   this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19          Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20          Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee.  *See* 28 U.S.C.

21   § 1914(a).  Plaintiff must make monthly payments of 20 percent of the preceding month's

22   income credited to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of

23   plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the

24   amount in the account exceeds $10 until the filing fee is paid.

25   ////

26   ////

                                                  1

1      The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

2  does not state a cognizable claim against any defendant.  To proceed, plaintiff must file an

3  amended complaint.

4      Any amended complaint must show that the federal court has jurisdiction and that

5  plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

6  allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

7  defendant only persons who personally participated in a substantial way in depriving plaintiff of

8  a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

9  subjects another to the deprivation of a constitutional right if he does an act, participates in

10  another's act or omits to perform an act he is legally required to do that causes the alleged

11  deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the

12  participants and allege their agreement to deprive him of a specific federal constitutional right.

13      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

14  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

15  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

16  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

17      The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

18  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

19  heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

20  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

21      Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

22  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

23  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

24  claim."); Fed. R. Civ. P. 8.

25      Plaintiff must eliminate from the complaint all preambles, introductions, argument,

26  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

1  defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

2  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

3  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

4  Civil Procedure is fully warranted" in prisoner cases).

5       A district court must construe pro se pleading "liberally" to determine if it states a claim

6  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

7  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Here, as

8  explained below, the complaint fails to state a claim.

9       Plaintiff claims that unspecified officials at San Joaquin County Sheriff's Department

10 Custody facility are ignoring the administrative grievance procedures in violation of the Due

11 Process Clause of the Fourteenth Amendment.  He also claims that he has been deprived of his

12 property without due process of law in certain irregular canteen transactions.  Specifically,

13 plaintiff alleges: "An error with finances in regards to inmate Canteen was addressed through the

14 grevince [sic] process at the San Joaquin County Sheriff's dept. [sic] Custody Facilities with

15 limited and peculiar response."  Comp., at 3.  Finally, he alleges that unspecified individuals

16 have violated "State and Federal law by applying disciplinary Sanctions on food to inmates as a

17 form of punishment."  Plaintiff seeks damages and injunctive relief.

18       To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant

19 deprived plaintiff of a right secured to him by the Constitution or laws of the United States while

20 acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  To state a claim that

21 a local government is subject to liability for constitutional torts committed by its officials, a

22 plaintiff must allege an individual acted pursuant to an official policy or custom or failed to act

23 based on a policy of inaction amounting to the knowing disregard of plaintiff's rights and that

24 plaintiff was harmed thereby. *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978);

25 *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Oviatt v. Pearce*, 954 F.2d

26 1470, 1474 (9th Cir.1992).   To state a claim that his right to due process was violated, plaintiff

1    must allege that an identified state actor denied plaintiff a specific right protected by the federal

2    constitution without procedures required by the constitution to ensure fairness, specifying the

3    omission. *Wolff v. McDonnell*, 418 U.S. 539, 563-566 (1974).  Prisoners have  "no legitimate

4    claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.),

5    *cert. denied*, 488 U.S. 898 (1988), and this court is unaware of any precedent holding that

6    pretrial detainees have such an interest.  Furthermore, an unauthorized taking of property does

7    not violate the due process clause of the Fourteenth Amendment when, as here, state law

8    provides an adequate post deprivation remedy.  *Hudson*, 468 U.S. 517, 533 (1984); *Parratt v.*

9    *Taylor*, 451 U.S. 527 (1981); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (holding that Cal.

10   Gov't Code § 810 provides such a remedy).  Finally, pretrial detainees may not be confined in

11   conditions amounting to punishment.  *See Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979).  "A

12   condition or restriction that is reasonably related to a legitimate governmental objective . . . does

13   not, without more, amount to "punishment."  *Id.*, at 539.  Jail officials must maintain order in the

14   jail facility, and may impose reasonable disciplinary measures in response to violation of jail

15   rules and regulations.  *See Id.*, at 540, 546; *see also*, *Mitchell v. Dupnik*, 75 F.3d 517, 524-25

16   (9th Cir. 1996).

17        Having considered plaintiff's allegations in light of these standards, the court finds that

18   plaintiff's allegations do not state any claim for relief.

19        The court (and defendant) should be able to read and understand plaintiff's pleading

20   within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

21   defendants with unexplained, tenuous or implausible connection to the alleged constitutional

22   injury or joining a series of unrelated claims against many defendants very likely will result in

23   delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

24   pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

25        An amended complaint must be complete in itself without reference to any prior

26   pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders.  *See* 15 Cal. Admin. Code § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed *in forma pauperis* is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:   October 9, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5